# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| KEVIN CAIN | CIVIL ACTION NO. 05-0814-M |
| VS. | SECTION P |
| BURL CAIN, WARDEN | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## MEMORANDUM ORDER

Before the court is the petition for *habeas corpus* (28 U.S.C. §2254) filed on May 9, 2005 by *pro se* petitioner, Kevin Cain. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana where he is serving a fifty year hard labor sentence imposed following his October, 2000 conviction on a charge of armed robbery in the Thirty-seventh Judicial District Court, Caldwell Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, amended petition, accompanying Memoranda in Support, the exhibits submitted in response to the Memorandum Order of July 22, 2005, and the published jurisprudence of the State of Louisiana establish the following relevant facts:

1. Petitioner was convicted of armed robbery in the Thirty-seventh Judicial District Court on October 27, 2000. On January 25, 2001, he was sentenced to serve fifty years at hard labor.

1

His motion to reconsider sentence was denied on January 30, 2001. [Doc. 1, Memorandum, p. 4; Doc. 5, pp. 12-13[1]]

2. Petitioner appealed his conviction to the Second Circuit Court of Appeals and argued a single Assignment of Error – sufficiency of evidence as to his identity as the perpetrator of the offense. [Doc. 5, Exhibits, pp. 1-11] On December 7, 2001, petitioner's conviction was affirmed. *State v. Cain*, 35,387 (La. App. 2d Cir. 12/7/01), 803 So.2d 347.

3. Petitioner apparently filed an application for writ of review and/or *certiorari* in the Louisiana Supreme Court on some unknown date prior to January 7, 2002. This application also raised the claim of sufficiency of the evidence. [Doc. 1, Memorandum, p. 4; Doc. 5, pp. 49-63; 64-79[2]] On February 7, 2003, his writ application was denied. See *State v. Cain,* 2002-0321 (La. 2/7/2003), 836 So.2d 85. [See also Doc. 5, p. 80]

4. On February 13, 2003 petitioner filed an Application for Post-Conviction Relief in the Thirty-seventh Judicial District Court. [Doc. 5, pp. 81-117] Petitioner argued a claim of ineffective assistance of counsel in the following respects:

> "1. Counsel failed to move before trial to suppress the identification, nor object to the identification at trial, nor requested special jury charge given to jury on factor to be consider [sic] in accessing [sic] the possibility of mis-identification.
>
> 2. Counsel failed to move before trial to suppress evidence, namely boots seized from petitioner which had not sufficient individual

---

[1] Petitioner did not otherwise identify the exhibits submitted with Doc. 5. The undersigned has sequentially numbered each page and references herein will be to the page number appearing on the bottom right corner of the exhibit.

[2] The applications submitted by petitioner are undated. Petitioner does not otherwise explain why he has provided two copies of this writ application. This anomaly is discussed in greater detail *infra*.

2

marking for identification; To challenge the constitutionality of the seized boots; and to investigate the boot print found to any other person, specifically the person who owned the Garden where the boot print was found;

3. Counsel failed to seek experts to aid in building a defense to the alleged crime charged in the bill of information, when:

> a. Counsel failed to have evidence tested that was seized, namely soil adhered/attached to Cast of bootprint taken from Garden, to that of boots seized from the Petitioner;
>
> b. Counsel failed to have Fingerprint analysis conducted on money ($71.00) seized from petitioner.

4. Counsel failed to request sequestration of the witnesses;

5. Counsel failed to request sequestration of the jurors;

6. Counsel failed to object to the jury being allowed to retire to the jury-room and view evidence out of the presence of the court and petitioner, without an expressed waiver [of] rights for Petitioner to be present during all trial proceedings, in violation of the 14th Amendment to the United States [Constitution];

7. The Cumulation of Errors committed by counsel during the proceedings rendered the Trial Fundamentally Unfair for lack of Due Process." [Doc. 5, pp. 101-102]

On May 15, 2003, the application was denied.[3]

On July 25, 2003, petitioner sought writs in the Second Circuit Court of Appeals. [Doc. 5,

---

[3] Petitioner did not provide a copy of the Reasons for Judgment or Judgment dismissing his Application for Post-Conviction Relief. However, according to his subsequent writ application filed in the Second Circuit Court of Appeal, the judgment of the District Court stated, "Considering the foregoing Answer to Application for Post Conviction Relief, the law and evidence being in favor thereof: It is ordered, adjudged, and decreed that: ... Defendant's Application for Post-Conviction Relief is dismissed with prejudice in it's [sic] entirety without need for a contradictory hearing..." [See Doc. 5, p. 32]

pp. 26-47]

On September 4, 2003, petitioner's writ application was denied. Citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the court held,

> "The applicant failed to demonstrate a reasonable probability that, but for defense counsel's alleged unprofessional errors, the result of the proceedings would have been different. The applicant has thus failed to meet his burden of proving that post-conviction relief should have been granted regarding his allegations of ineffective assistance of counsel..." [See *State of Louisiana v. Kevin Lynn Cain, aka Kevin Lynn Ross*, No. 37983-KH (La. App. 2d Cir. 9/4/2003); Doc. 5, pp. 128-129]

On September 22, 2003, petitioner applied for writs with the Louisiana Supreme Court.[4] On October 29, 2004, petitioner's writ application was denied. [Doc. 1, Memo. pp. 2-3[5]; see also *State ex rel. Kevin Lynn Cain v. State*, 2003-2751 (La. 10/29/2004), 885 So.2d 574.]

5. Petitioner's federal petition was signed on April 12, 2005; it was mailed on May 6, 2005, and received and filed herein on May 9, 2005. In this petition, Cain again argued a single claim for relief – ineffective assistance of counsel. Petitioner claims that his trial counsel was ineffective in the following respects:

---

[4] Petitioner supplied a cover letter from him to the Clerk of the Louisiana Supreme Court dated September 22, 2003. [Doc. 48] The letter makes reference to an Application for Supervisory Writ taken from the Second Circuit's denial of his <u>applications for post-conviction relief</u>.

However, the documents submitted by petitioner and associated with the cover letter are copies of the writ applications filed with the Supreme Court on <u>direct review</u> of the Second Circuit's decision in Docket number KA-01-35387. See Doc. 5, pp. 49-63 and 64-79. See footnote 2, *supra*.

[5] In his Memoranda, petitioner referred the court to Appendices A, B, C, D, E, and F as support for these claims, however, petitioner did not submit any documentary evidence with his original petition.

4

(a) "Counsel failed to move before trial to suppress the identification, nor object to the identification at trial, nor requested [sic] special jury charge given to jury on factor to be considered in accessing the possibility of misidentification." [Doc. 1, Memorandum, p. 13] (b) "Counsel failed to move before trial to suppress evidence, namely boots seized from petitioner which had not sufficient individual marking for identification; to challenge the constitutionality of the seized boots; and to investigate the boot print found to any other person, specifically the person who owned the garden where the boot print was found." [Doc. 1, Memo., p. 19] (c) "Counsel failed to seek experts to aid in building a defense to the alleged crime charged in the bill of indictment when ... counsel failed to have evidence tested that was seized, namely soil adhered/attached to cast of bootprints taken from the garden to that of boots seized from the petitioner... [and] counsel failed to have fingerprint analysis conducted on money seized from petitioner..." [Doc. 1, Memo. p. 21] (d) "Counsel failed to request sequestration of the witnesses..." and (e) "Counsel failed to request sequestration of the jurors..." [Doc. 1, Memo. p. 23] (f) "Counsel failed to object to the jury being allowed to retire to the jury room to view evidence out of the presence of the court and petitioner, without an expressed waiver rights for petitioner to be present during all trial proceedings, in violation of the 14th Amendment to the United States [sic]." [Doc. 1, Memo., p. 24] and (g) "The cumulation of errors committed by counsel during the proceedings rendered the trial fundamentally unfair for lack of due process of law." [Doc. 1, Memorandum, p. 27]

## LAW AND ANALYSIS

Section 28 U.S.C. §2254 states, in part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court <u>shall not be granted unless it appears that –</u>
>
> (A) <u>the applicant has exhausted the remedies available in the courts of the State</u>; or
>
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

5

* * *

>   (c) An applicant shall not be deemed to have exhausted the
>   remedies available in the courts of the State, within the meaning of
>   this section, if he has the right under the law of the State to raise,
>   by any available procedure, the question presented. 28 U.S.C.
>   § 2254.

The exhaustion doctrine set forth in Section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

In addition, a federal <u>*habeas* petitioner must fairly present his constitutional claim to the highest state court</u>. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*,

6

762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court.

According to the exhibits submitted by petitioner, he has not presented any of his federal ineffective assistance of counsel claims to the Supreme Court of Louisiana. If that is so, the Louisiana Supreme Court has not yet had an opportunity to review and determine the merits of petitioner's *habeas corpus* claims and those claims remain unexhausted. In the Memorandum Order dated July 22, 2005, petitioner was specifically directed to submit, among other things, "A dated copy of his writ application filed in the Louisiana Supreme Court under that court's docket number 2003-KH-2751." [See Doc. 4]

On August 12, 2005, petitioner submitted the exhibits referred to above, and acknowledged that the order of July 22, 2005 directed him "...to submit his Exhibits pertinent to State Court Exhaustion Requirement... Applications that were heard before the Louisiana Supreme Court..." [Doc. 5-1, p. 7]

As shown above, the document submitted by petitioner and purporting to be his writ application filed in the Louisiana Supreme Court on September 22, 2003 is a duplicate of the writ application filed in the Supreme Court on direct review. [See Doc. 5, p. 48; compare pp. 49-63 and 64-79.]

If either of the documents submitted herein [Doc. 5, pp. 49-63 or 64-79], was the document submitted to the Louisiana Supreme Court on September 22, 2003, then petitioner's present claims remain unexhausted. As shown above, petitioner argues a claim of ineffective assistance of counsel in these proceedings; however, the writ applications purportedly filed in the

7

Louisiana Supreme Court address only the issue of sufficiency of the evidence.

The claims of ineffective assistance of counsel were raised in petitioner's Application for Post-Conviction Relief filed in the Thirty-seventh Judicial District Court [Doc. 5, pp. 81-117]. Those claims were also raised in his writ application filed in the Second Circuit Court of Appeals. [See Doc. 5, pp. 128-129] However, those claims do not appear in either of the writ applications purportedly filed in the Louisiana Supreme Court.

The undersigned is mindful of petitioner's status as a *pro se* litigant. Petitioner may have inadvertently submitted the wrong document in response to the previous order. Therefore, in order to determine whether petitioner fully exhausted his present federal *habeas* claims of ineffective assistance of counsel,

**IT IS ORDERED THAT** within twenty (20) days of this date, petitioner provide a dated copy of the writ application he claims to have filed in the Louisiana Supreme Court on or about September 22, 2003; the application in question sought review of the Second Circuit Court of Appeals judgment under Docket Number 37983-KH, dated September 4, 2003 and was ultimately assigned Louisiana Supreme Court Docket Number 2003-KH-2751.

In Chambers, Monroe, Louisiana, this 25th day of October, 2005.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE