IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **KEVIN CAIN** | * | **CIVIL ACTION NO. 05-0814** |
| **VERSUS** | * | **JUDGE JAMES** |
| **LOUISIANA STATE PENITENTIARY** | * | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the court is the Petition for *Habeas Corpus* pursuant to 28 U.S.C. §2254 (Doc. #1) filed on May 9, 2005, by *pro se* petitioner, Kevin Cain. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana where he is serving a fifty year hard labor sentence imposed following his October, 2000 conviction on a charge of armed robbery in the Thirty-seventh Judicial District Court, Caldwell Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the reasons that follow, it is recommended that the petition be **DENIED**.

### STATEMENT OF THE CASE

The petition, amended petition, accompanying Memoranda in Support, the exhibits submitted in response to the Memorandum Order of July 22, 2005, the exhibits submitted on November 10, 2005, and the published jurisprudence of the State of Louisiana establish the following relevant facts:

1. Petitioner was convicted of armed robbery in the Thirty-seventh Judicial District Court on October 27, 2000. On January 25, 2001, he was sentenced to serve fifty years at hard labor.

His motion to reconsider sentence was denied on January 30, 2001. [Doc. 1, Memorandum, p. 4; Doc. 5, pp. 12-13[1]]

    2. Petitioner appealed his conviction to the Second Circuit Court of Appeals and argued a single Assignment of Error – sufficiency of evidence as to his identity as the perpetrator of the offense. [Doc. 5, Exhibits, pp. 1-11] On December 7, 2001, petitioner's conviction was affirmed. *State v. Cain*, 35,387 (La. App. 2d Cir. 12/7/01), 803 So.2d 347.

    3. Petitioner apparently filed an application for writ of review and/or *certiorari* in the Louisiana Supreme Court on some unknown date prior to January 7, 2002. This application also raised the claim of sufficiency of the evidence. [Doc. 1, Memorandum, p. 4; Doc. 5, pp. 49-63; 64-79[2]] On February 7, 2003, his writ application was denied. See *State v. Cain,* 2002-0321 (La. 2/7/2003), 836 So.2d 85. [See also Doc. 5, p. 80]

    4. On February 13, 2003, petitioner filed an Application for Post-Conviction Relief in the Thirty-seventh Judicial District Court. [Doc. 5, pp. 81-117] Petitioner argued a claim of ineffective assistance of counsel in the following respects:

> "1. Counsel failed to move before trial to suppress the identification, nor object to the identification at trial, nor requested special jury charge given to jury on factor to be consider [sic] in accessing [sic] the possibility of mis-identification.
>
> 2. Counsel failed to move before trial to suppress evidence, namely boots seized from petitioner which had not sufficient individual marking for identification; To challenge the constitutionality of the seized boots; and to investigate the boot print found to any other person, specifically the person who owned the Garden where the boot print was found;

---

[1] Petitioner did not otherwise identify the exhibits submitted with Doc. 5. The undersigned has sequentially numbered each page and references herein will be to the page number appearing on the bottom right corner of the exhibit.

[2] The copy of the pleading submitted by petitioner is undated.

> 3. Counsel failed to seek experts to aid in building a defense to the alleged crime charged in the bill of information, when:
>
>> a. Counsel failed to have evidence tested that was seized, namely soil adhered/attached to Cast of boot-print taken from Garden, to that of boots seized from the Petitioner;
>>
>> b. Counsel failed to have Fingerprint analysis conducted on money ($71.00) seized from petitioner.
>
> 4. Counsel failed to request sequestration of the witnesses;
>
> 5. Counsel failed to request sequestration of the jurors;
>
> 6. Counsel failed to object to the jury being allowed to retire to the jury-room and view evidence out of the presence of the court and petitioner, without an expressed waiver [of] rights for Petitioner to be present during all trial proceedings, in violation of the 14th Amendment to the United States [Constitution];
>
> 7. The Cumulation of Errors committed by counsel during the proceedings rendered the Trial Fundamentally Unfair for lack of Due Process." [Doc. 5, pp. 101-102]

On May 15, 2003 the application was denied. [Doc. 7-2, p. 11]

On July 25, 2003 petitioner sought writs in the Second Circuit Court of Appeals. [Doc. 5, pp. 26-47]

On September 4, 2003, petitioner's writ application was denied. Citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the court held,

> "The applicant failed to demonstrate a reasonable probability that, but for defense counsel's alleged unprofessional errors, the result of the proceedings would have been different. The applicant has thus failed to meet his burden of proving that post-conviction relief should have been granted regarding his allegations of ineffective

assistance of counsel..." [See *State of Louisiana v. Kevin Lynn Cain, aka Kevin Lynn Ross*, No. 37983-KH (La. App. 2d Cir. 9/4/2003); Doc. 5, pp. 128-129]

On September 22, 2003, petitioner applied for writs with the Louisiana Supreme Court raising claims identical to those raised in the district court and court of appeals. [Doc. 7-1] On October 29, 2004, petitioner's writ application was denied. [Doc. 1, Memo. pp. 2-3; see also *State ex rel. Kevin Lynn Cain v. State*, 2003-2751 (La. 10/29/2004), 885 So.2d 574.]

5. Petitioner's federal petition was signed on April 12, 2005; it was mailed on May 6, 2005, and received and filed herein on May 9, 2005. In this petition, Cain again argued a single claim for relief – ineffective assistance of counsel. Petitioner claims that his trial counsel was ineffective in the following respects:

> (a) "Counsel failed to move before trial to suppress the identification, nor object to the identification at trial, nor requested [sic] special jury charge given to jury on factor to be considered in accessing the possibility of misidentification." [Doc. 1, Memorandum, p. 13]
> (b) "Counsel failed to move before trial to suppress evidence, namely boots seized from petitioner which had not sufficient individual marking for identification; to challenge the constitutionality of the seized boots; and to investigate the boot print found to any other person, specifically the person who owned the garden where the boot print was found." [Doc. 1, Memo., p. 19]
> (c) "Counsel failed to seek experts to aid in building a defense to the alleged crime charged in the bill of indictment when ... counsel failed to have evidence tested that was seized, namely soil adhered/attached to cast of bootprints taken from the garden to that of boots seized from the petitioner... [and] counsel failed to have fingerprint analysis conducted on money seized from petitioner..." [Doc. 1, Memo. p. 21]
> (d) "Counsel failed to request sequestration of the witnesses..." and
> (e) "Counsel failed to request sequestration of the jurors..." [Doc. 1, Memo. p. 23]

4

(f) "Counsel failed to object to the jury being allowed to retire to the jury room to view evidence out of the presence of the court and petitioner, without an expressed waiver rights for petitioner to be present during all trial proceedings, in violation of the 14th Amendment to the United States [sic]." [Doc. 1, Memo., p. 24] and

(g) "The cumulation of errors committed by counsel during the proceedings rendered the trial fundamentally unfair for lack of due process of law." [Doc. 1, Memorandum, p. 27]

## **LAW AND ANALYSIS**

### **Standard of Review**

*Habeas corpus* relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The standard of review is set forth in 28 U.S.C. § 2254(d):

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim ---
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the deferential scheme of § 2254(d), this court must give deference to a state court decision for "any claim that was adjudicated on the merits in State court proceedings" unless the decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) citing *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2004). "The 'contrary to' requirement 'refers to holdings, as opposed to the dicta, of... [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt*, 230 F.3d at 740 citing *Williams,* 120 S.Ct. at 1523. Under the "unreasonable application" clause, a federal *habeas* court may grant the writ only if the state court "identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies the principle to the facts of the prisoner's case." *Dowthitt*, 230 F.3d at 741 citing *Williams*, 120 S.Ct. at 1523.

Section 2254(d)(2) speaks to factual determinations made by the state courts. *Dowthitt*, 230 F.3d at 741. Federal *habeas* courts presume such determinations to be correct; however, the petitioner can rebut this presumption by clear and convincing evidence. *Id.* Thus, this court must defer to the state court's decision unless it was based on an unreasonable determination of the facts in light of the record of the State court proceeding. *Id.* citing 28 U.S.C. § 2254(d)(2).

**Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, a petitioner must establish that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984). The burden is on the petitioner to show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. The court's

scrutiny is "highly deferential" and the court must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689-90.

*Strickland*'s prejudice element requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[3] A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001) citing *Strictland*, 104 S.Ct. at 2068. A petitioner must affirmatively prove prejudice. *Deville v. Whitley*, 21 F.3d 654, 649 (5th Cir. 1994); *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995); *Earhart v. Johnson*, 132 F.3d 1062, 1066 (5th Cir. 1998). Self-serving conclusory statements that the outcome would have been different "fall far short of satisfying *Strickland's* prejudice element." *Sayre*, 238 F.3d at 635. Moreover, allegations of a mere possibility of a different outcome are insufficient to establish prejudice. *Lamb v. Johnson*, 179 F.3d 352, 359 (5th Cir. 1999).

Because both *Strickland* factors, that of deficient performance and prejudice, must be satisfied, "an ineffective assistance contention may be rejected on an insufficient showing of

---

[3]The *Strickland* court outlined the extent of prejudice that must be established by the defendant:
> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of the criminal proceeding if the error had no effect on the judgment. *Cf. United States v. Morrison*, 449 U.S. 361, 364-65 (1981).
>
> Defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability exists if the probability is sufficient to undermine confidence in the outcome.
>
> When a defendant challenges a conviction, the question is whether there is reasonable probability that absent the errors the fact-finder would have a reasonable doubt respecting guilt.

*Strickland, supra*, at 691-92.

prejudice, without inquiry into the adequacy of counsel's performance." *Strickland*, 466 U.S. at 689-94. Petitioner must satisfy both prongs of *Strickland*, demonstrating both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999); *Green v. Johnson*, 160 F.3d 1029, 1035-36 (5th Cir. 1998). However, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green*, 160 F.3d at 1043.

Claim One

Petitioner alleges that counsel failed to challenge his eyewitness identification during the pre-trial process and at trial, and that counsel failed to request a special jury charge as to misidentification factors to be considered. Under 28 U.S.C. § 2254(d)(1), a federal court may not grant *habeas* relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." The state court previously ruled that there was sufficient evidence that petitioner had been correctly identified as the person who perpetrated the armed robbery. *See State of Louisiana v. Cain*, 803 So.2d 347 (La.App. 2 Cir. 2001).

The Court of Appeal of Louisiana, Second Circuit, addressed Cain's identification claim,

> The U.S. Supreme Court has approved several factors for evaluating the reliability of an identification. The factors are: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the victim's prior description of the criminal; (4) the level of certainty demonstrated at the confrontation; and (5) the time between the crime and the confrontation. (internal citations omitted)
>
> The defendant was placed at the scene of the crime and identified by two witnesses. Barbara Gaylor identified the defendant as the man she encountered .... Gaylor testified that she looked at the man's face .... Gaylor testified that the identification was based on her encounter with him on the day of the robbery. Gaylor also testified that she had no doubt of her ability to identify the defendant

8

and that she was "definitely sure" that the defendant was the man who walked out of the store and spoke to her.

Amanda Floyd, the victim of the armed robbery, identified the defendant as the perpetrator of the crime. ... She spoke with the defendant during the robbery and looked at him ... Floyd identified the defendant in a photographic line-up as the perpetrator of the crime. This identification occurred on the day after the robbery. When questioned about the accuracy of her identification of the defendant as the man who committed the robbery, Floyd answered, "There is absolutely no doubt in my mind."

*State of Louisiana v. Cain*, 803 So.2d 347 (La.App. 2 Cir. 2001).

This Court may not grant *habeas* relief based on Cain's claim that his counsel failed to challenge the eye-witness identification because the State Court previously adjudicated the identification claim. Furthermore, the State Court's decision was not contrary to Federal law as determined by the United States Supreme Court. It is therefore recommended that *Habeas* relief be denied on this claim.

Claims Two and Three

Petitioner alleges that counsel failed to move before trial to suppress the boots that were seized from petitioner, failed to challenge the constitutionality of the seized boots, and failed to investigate the if the boot print found belonged to any other person. Cain also alleges that counsel failed to seek defense experts by failing to have the soil from the boot-print tested and failing to have a fingerprint analysis conducted on the money that was seized. Cain's allegations do not survive *Strickland's* strict scrutiny. It is well settled that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks and citation omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct

9

the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* It is the petitioner who must overcome the presumption that defense counsel's performance fell within the broad range of reasonable professional assistance. *Riley v. Cockrell*, 339 F.3e 308, 315 (5th Cir.2003).

The trial strategy that defense counsel employed regarding whether to seek soil analysis and finger print analysis could very well have been a calculated trial tactic designed to allow as much reasonable doubt to remain in Petitioner's favor, as the State provided no soil sample evidence to prove positively and beyond all doubt that the soil on petitioner's boots was the same soil that came from the tilled garden near the crime scene. Defense counsel was aware that although the examination of the boots by the crime lab revealed that petitioner's boots were the same make, model, and size as the print lifted from the garden, the boot yielded no positive identification markings that correlated exactly with the garden print. This left the door open for the defensed to argue that there was reasonable doubt. Similar reasoning holds true concerning the fingerprints. Had a positive print belonging to any of the convenience store employees been found on the money, such a positive finding would have eliminated all shadow of doubt as to where Petitioner came into possession of the money. The decision to not seek further analysis of the boots and fingerprints could have been Cain's attorney's trial strategy, raising doubt as to why the State failed to seek such analysis.

Cain has failed to overcome the presumption that his counsel's performance fell within the broad range of reasonable professional assistance; therefore, it is recommended that this Court decline to grant *habeas* relief based on Cain's second and third claims.

Claim Four

Cain alleges that his counsel failed to request sequestration of the witnesses. This claim is clearly without merit. Cain has made only generalized and vague allegations and has not produced any evidence to support the allegation that the witnesses were not sequestered. In fact, the record shows that the trial judge, Judge John R. Joyce, did seek to learn whether or not any juror knew any potential witness and he put the witnesses under the Rule of Sequestration. *Habeas* relief should also be denied on this claim.

Claim Five

Cain alleges that his counsel failed to request sequestration of the jurors. However, the trial transcript does not support this allegation. Before the trial on the merits began, Judge Joyce gave the jurors an admonition regarding discussing the case among themselves, with others, against visiting the crime site independently, against watching television, listening to news radio, reading newspaper, and taking notes. Judge Joyce further advised the potential jurors that violating the court's rules would make them subject to Contempt of Court. (Trial Excerpts in the Jury Selection Process, pgs. 4-6). Furthermore, Judge Joyce did not remove the admonition until after the jury instructions on deliberation were given at the end of trial. (Trial Transcript pg. 361). Before the jury recessed after the first day of trial, Judge Joyce restated his admonishment to the jurors regarding their activities. Judge Joyce specifically ordered and advised the jurors of a "gag" order that he placed upon them and outlined how the jurors were to conduct themselves. (Trial Transcript pg. 71-73). *Habeas* relief should also be denied on this claim.

Claim Six

Cain alleges that his counsel failed to object to the jury being allowed to retire to the jury room to view evidence out of the presence of the court and petitioner, without an expressed waiver of petitioner's rights to be present during all trial proceedings. The trial transcript shows

11

that jury viewed the evidence in the jury room; however, the transcript specifically states that "counsel and the Court will be in there to observe." (Trial Transcript pg. 256). The Court again instructed the jury not to discuss the case amongst themselves while viewing the evidence. (Trial Transcript pg. 257). Petitioner has provided no support for his allegation, therefore *Habeas* relief should also be denied on this claim.

Claim Seven

Petitioner's final claim alleges that the cumulation of errors committed by counsel rendered the trial fundamentally unfair. There is no merit to Petitioner's claims and thus, no cumulative prejudice can be found. Cain has failed to show that his attorney's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different, as required by *Strickland*.

## CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Petitioner's Petition for *Habeas Corpus* pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and Petitioner's Complaint be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 31st day of March, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE