# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| KEVIN CAIN | CIVIL ACTION NO. 05-0814 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LOUISIANA STATE PENITENTIARY | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Kevin Cain ("Cain"). On March 31, 2006, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 15], in which she recommended that the Petition be denied.

Having reviewed the entire record, including Cain's objections, the Court agrees with Magistrate Judge Hayes' analysis of the applicable law with the following clarification and supplementation on two of Cain's claims.

### I. Failure to Have Soil Analysis Performed

First, on pages 9-10 of the Report and Recommendation, Magistrate Judge Hayes addressed Cain's Claims Two and Three. In Claim Three, Cain alleges, in part, that his counsel was ineffective for failing to have soil from his boot tested. Magistrate Judge Hayes analyzed this claim as follows:

> The trial strategy that defense counsel employed regarding whether to seek soil analysis . . . could very well have been a calculated trial tactic designed to allow as much reasonable doubt to remain in [Cain's] favor, as the State provided no soil sample evidence to prove positively and beyond all doubt that the soil on [Cain's] boots was the same soil that came from the tilled garden near the crime scene. Defense counsel was aware that although the examination of the boots by the crime lab revealed that [Cain's] boots were the same make, model, and size as the

print lifted from the garden, the boot yielded no positive identification markings that correlated exactly with the garden print. This left the door open for the defense[] to argue that there was reasonable doubt. . . . The decision not to seek further analysis of the boots . . . could have been Cain's attorney's trial strategy, raising doubt as to why the State failed to seek such analysis.

[Doc. No. 15, p. 10].

In his objections, Cain argues that, while this could have been a trial strategy,

> there can be no strategy in NOT alerting the jury to the fact that the evidence presented was not properly tested and there would be doubt as to the soil found on the boots that belonged to [Cain] was actually from the same soil that was in the garden, the boot yielded no positive identification markings that correlated exactly with the print found in the garden and as stated by the Magistrate, left the door open for . . . counsel to raise the reasonable doubt before the jury.

[Doc. No. 16, p. 6].

The Court agrees with and adopts Magistrate Judge Hayes' analysis regarding the possible trial strategy of counsel on the issue of the soil analysis. Further, while Cain raises a valid point, the fact that trial counsel did not argue this issue to the jury does not automatically render his assistance ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). Counsel may well have employed the strategy Magistrate Judge Hayes surmises, but decided in closing that there were stronger points to emphasize. The Court finds that Cain has failed to overcome the presumption that his counsel's performance fell within the broad range of reasonable professional assistance because he did not emphasize the lack of positive identification of the boot in closing.

## II. Sequestration of the Jury

Second, on page 11 of the Report and Recommendation, Magistrate Judge Hayes addressed Cain's Claim Five, that his counsel was ineffective for failing to request sequestration

of the jurors. She concludes that habeas relief should be denied because "the trial transcript does not support this allegation." [Doc. No. 15, p. 11]. She then identified the steps taken by the trial judge to ensure that the jurors were not subject to outside influences.

From the Court's review of the record, Cain's actual allegation is that counsel "never moved to have the Jury [sic] sequestered, kept together, which allowed them to wander around, unattended by their [fellow] jurors and to go home to eat or to a local restaurant, etc. . ." [Doc. No. 1, p. 27]. Contrary to the statement in Magistrate Judge Hayes' Report and Recommendation, the trial transcript **does support** Cain's allegations that his counsel failed to request sequestration of the jurors and that the jurors were not sequestered.

However, counsel's failure to request sequestration of the jurors was within the objective range of reasonableness in this case when the trial court provided admonitions and instructions to the jurors sufficient to ensure that Cain was given a fair and impartial trial. Accordingly, the Court agrees with Magistrate Judge Hayes that Cain is not entitled to habeas relief on this claim either.

MONROE, LOUISIANA, this 30th day of May, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE